# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EDWARD A. SCHULTZ,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   Case No.  09-2193
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
            Defendant.            )
                                  )

---

# MEMORANDUM AND ORDER

Plaintiff Edward A. Schultz initiated this suit to challenge Defendant Commissioner Michael J. Astrue's denial of disability insurance benefits. Mr. Schultz initially applied for disability insurance benefits and supplemental security income benefits in August 2005. Those requests were denied at the state agency level.

Mr. Schultz sought a hearing before an Administrative Law Judge (ALJ), who heard testimony and received evidence about Mr. Schultz's medical conditions. The ALJ awarded Mr. Schultz supplemental security income benefits, but denied his request for disability insurance benefits, finding that he was not disabled prior to June 30, 2003, the date on which Mr. Schultz was last insured for disability benefits. Mr. Schultz's request for review by the Appeals Council was denied, rendering the ALJ's opinion the final decision on behalf of the Commissioner, and so Mr. Schultz sought judicial review

of the decision in this court.

The case was referred to a Magistrate Judge, who filed a Report and Recommendation (R&R) (doc. 23) recommending that this court affirm the Commissioner's decision. Mr. Schultz objects to that R&R (doc. 24). For the reasons discussed below, the R&R is adopted and the decision of the Commissioner is affirmed.

**1.      Standard of Review**

This court has limited review of the Commissioner's determination that plaintiff is not disabled within the meaning of the Social Security Act. *See Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* But the court "neither reweighs the evidence nor substitutes its judgment for that of the Commissioner." *Id.*

The court reviews de novo those portions of the Magistrate Judge's R&R to which a written objection has been made. *See* D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). Those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004); *Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005). The court is afforded considerable discretion in determining

what reliance it may place upon the Magistrate Judge's recommendations and findings. *See Johnson*, 402 F. Supp. 2d at 1282. The court may accept, reject, or modify the Magistrate Judge's disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Johnson*, 402 F. Supp. 2d at 1282.

**2.     Discussion**

In response to the R&R, Mr. Schultz renews the three main arguments he raised in his opening brief—that the ALJ failed to properly develop the record as to the onset date of his impairments, that the hypothetical question was inadequate, and that the ALJ's credibility determination was improper.

A.     Development of Record Regarding Onset Date

A July 2008 MRI showed that Mr. Schultz has a benign brain tumor. At the administrative hearing, the ALJ heard testimony from the medical expert Dr. Gerald Winkler, a neurologist, that the slow-growing tumor could be responsible for Mr. Schultz's symptoms and that it would meet the criteria of an impairment. In addressing the onset date of Mr. Schultz's impairment, Dr. Winkler testified that functional impairments from the tumor may have extended back one year before the July 2008 MRI, but he opined that none of the objective evidence supported Mr. Schultz's complaints of symptoms prior to 2007.

Dr. Samuel Lehman, also a neurologist, evaluated Mr. Schultz in June 2008 and reviewed the July 2008 MRI. He wrote a brief letter to Mr. Schultz's attorney in August 2008, providing his "medical opinion that Mr. Schultz' symptoms of dizziness, balance

3

problems, and fatigue in 1997 could be reasonably explained by the presence of this slow-growing, benign brain tumor at that time." (R. 506.)

Dr. Winkler was asked about this letter at the ALJ hearing, and he noted that he "would certainly be interested if [Dr. Lehman] went into detail as to which symptoms he would attribute to the tumor having been present in '97 and how they would be connected to the tumor." Dr. Winkler noted that he "would certainly be glad to review that and revise [his] opinion if they were convincing to [him]." (R. 661.) The parties and the ALJ then attempted to reach Dr. Lehman by telephone, but were unable to do so.

The ALJ ultimately concluded based on the evidence before him, that the onset date of Mr. Schultz's impairment was January 1, 2007. But he assured Mr. Schultz that he could submit a more detailed statement from Dr. Lehman, which would then be reviewed by Dr. Winkler, and the ALJ would adjust his opinion accordingly. In the meantime, however, the ALJ noted that he needed to issue his order on September 30, 2008, so he could resolve the case prior to the end of the fiscal year. He did so, denying Mr. Schultz's claim for disability insurance based on his finding that the impairments began in January 2007.

A week later, Mr. Schultz tendered to the ALJ a supplemental statement from Dr. Lehman opining that the tumor was present in 1997 and may have been present even as early as 1986, and listing symptoms that could be attributed to the tumor.

As Mr. Schultz's time to request Appeals Council review was running out, his attorney contacted the social security office to inquire whether the ALJ had an

opportunity to review the supplement evidence and when a new decision might issue. Mr. Schultz's attorney was assured that if the ALJ did not issue an amended decision before the appeal time expired, he would issue a decision showing the case had been reopened and the appeal period extended. Mr. Schultz's attorney nonetheless felt compelled to file the request for Appeals Council review to preserve Mr. Schultz's rights, and she did so on December 2, 2008.

Once Mr. Schultz had petitioned the Appeals Council for review, the ALJ issued an order dismissing Mr. Schultz's request to reopen his September 30, 2008 decision, finding that, "[w]ith the filing of the claimant's request for review, jurisdiction over this matter passed from the hearing office to the Appeals Council." Thus, the ALJ concluded, he "has no jurisdiction to reopen the September 30, 2008 . . . decision." The ALJ also informed Mr. Schultz that he had sixty days to request that the Appeals Council review that dismissal. Mr. Schultz did not submit such a request.

On February 13, 2009, the Appeals Council issued an order noting that it had received several pieces of additional evidence that it was making part of the record, one of which was Dr. Lehman's supplemental statement. On that same day, the Appeals Council denied Mr. Schultz's request for review. The Council specifically addressed Dr. Lehman's supplemental statement, commenting that it "appear[s] totally speculative and inconsistent with the treating and examining source evidence in the record." The Council found that the information "does not provide a basis for changing the [ALJ's] decision." (R. 12.)

Upon seeking judicial review in this court, Mr. Schultz argued that the ALJ's failure to consider Dr. Lehman's supplemental statement violated his duty to fully develop a record and to consult a medical advisor about the onset date of impairments. As the Magistrate Judge pointed out, however, the ALJ's dismissal of Mr. Schultz's request to reopen the case is not properly before this court. Mr. Schultz did not seek Appeals Council review of that dismissal. It is not a final judgment that this court can review. *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

In addition to being displeased with the ALJ's procedure, however, Mr. Schultz argues that the ALJ erred substantively because he failed to consider Dr. Lehman's supplemental statement. The statement, however, was produced and submitted after the ALJ's determination. Moreover, the Appeals Council, consistent with 20 C.F.R. § 404.970(b),[1] accepted the new evidence and considered it as part of the record in the case.

Given that the Appeals Council evaluated Dr. Lehmans' supplemental statement in making its decision, this court also must include it as part of the record. *Martinez v.*

---

[1] Section 404.970(b) provides:
If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
20 C.F.R. § 404.970(b).

*Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006). The Magistrate Judge properly did so in responding to Mr. Schultz's arguments about whether substantial evidence in the record supporting the final determination in this case. The Magistrate Judge concluded that it did.

Mr. Schultz contends that the Appeals Council, in considering Dr. Lehman's supplemental statement, substituted its own judgment for that of Dr. Winkler, the medical expert. But the Appeals Council considered the testimony from Dr. Winkler and one other doctor in evaluating the statement from Dr. Lehman, concluding that Dr. Lehman's statement does not entirely support an earlier onset date and that it did not undermine Dr. Winkler's opinion. Thus, the Appeals Council properly considered the supplemental statement in the context of the rest of the medical evidence in the record to find no basis to overturn the ALJ's decision.

In objecting to the R&R, Mr. Schultz also argues that the evidence in the record is not inconsistent with an onset date prior to 2007. He asserts that the tumor was not found earlier because no doctor did an MRI earlier. As the Magistrate Judge noted, however, the ALJ considered that evidence in rendering his decision. This court will not reweigh the evidence; it is sufficient to conclude, as the Magistrate Judge did, that the ALJ's decision is supported by substantial evidence in the record and that the ALJ considered the evidence Mr. Schultz now cites. (Doc. 23, pp. 17-20.)

Mr. Schultz also argues that the Magistrate Judge improperly reweighed evidence and engaged in impermissible post hoc justification of the ALJ's decision because he

7

cited evidence not relied on by the ALJ. On the contrary. Perhaps the Magistrate Judge provided more detail in the R&R about the specific evidence in the report, but the particular doctors and reports he mentioned were also referenced in the ALJ's decision. Thus, the Magistrate Judge was not attempting to justify post hoc the ALJ's decision, but instead was citing details in the record, specifically as they related to Dr. Lehman's supplemental statement.

Given the R&R and Mr. Schultz's objections, and after a review of the record, this court concludes, as the Magistrate Judge did, that the ALJ's determination of the onset date of Mr. Schultz's impairments is supported by substantial evidence in the record.

B. Hypothetical Question

In his brief to the Magistrate Judge, Mr. Schultz asserted that the ALJ erred by presenting the vocational expert (VE) with an inadequate hypothetical question. He maintained that the hypothetical question did not accurately reflect the true onset date of his impairments. And he also challenged the ALJ's assessment of his specific vocational preparation level, the types of work the VE testified that Mr. Schultz could do, and the ALJ's failure to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles. Thus, Mr. Schultz maintained, the VE's conclusion that he could perform work was not based on full information and did not constitute substantial evidence upon which the ALJ could rely.

The Magistrate Judge resolved all of those arguments, and in Mr. Schultz's

8

objections to the R&R, he renews only his argument that the hypothetical question was based on an inaccurate onset date. As discussed above, however, the onset date determined by the ALJ was supported by substantial evidence in the record and thus could serve as the foundation for the hypothetical question presented to the VE.

Thus, this court finds no error with the hypothetical question.

C.  Credibility Determination

Credibility determinations are peculiarly within the province of the finder of fact, and the court should not upset credibility determinations if they are supported by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Accordingly, in reviewing the ALJ's credibility determinations, the court will usually "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." *Casias v. Secretary of HHS*, 933 F.2d 799, 801 (10th Cir. 1991). Nevertheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted).

Mr. Schultz argues that the ALJ erred in not finding credible his testimony about the severity of his impairment prior to January 2007. As the Magistrate Judge noted, however, this argument is "based primarily on [Mr. Schultz's] view of the record evidence as interpreted by Dr. Lehman." (Doc. 23, p. 33.) Mr. Schultz contends that there was sufficient evidence in the record to support his statements about his impairment prior to January 2007. As discussed above, however, the ALJ's

9

determination of the onset date of Mr. Schultz's impairment is supported by substantial evidence in the record, evidence that contradicts Mr. Schultz's statements. Moreover, this court notes, as did the Magistrate Judge, that the ALJ thoroughly explained why he found Mr. Schultz's allegations of impairment to be incredible, comparing Mr. Schultz's statements to other evidence in the record. (Doc. 23, p. 34.)

Thus, having reviewed *de novo* the ALJ's opinion and the evidence in the record, this court concludes that the ALJ's credibility determination is based on substantial evidence in the record.

**IT IS THEREFORE ORDERED BY THE COURT** that the plaintiff's objections to the R&R (doc. 24) are overruled. The R&R (doc. 23) is adopted and the Commissioner's decision is affirmed.

**IT IS SO ORDERED** this 9th day of August, 2010.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge